UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ENKHJARGAL MUNKSAIKHAN,

               Petitioner,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY et al.,

               Respondents.

_____/

Case No. 1:26-cv-1962

Honorable Jane M. Beckering

**OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.)[1] For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**Discussion**

I.     **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.17.) In an Order entered on July 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 5.) Respondents filed their response and a recording of the

---

[1] The Court will substitute Kevin Raycraft, Detroit ICE Field Office Director, for Respondent U.S. Immigration and Customs Enforcement.

March 12, 2026, bond hearing on July 7, 2026, (Resp., ECF No. 6; Recording of Mar. 12, 2026.

Bond Hearing, filed on Jul. 7, 2026.)

## II.      Factual Background

Petitioner is a citizen of Mongolia who entered the United States in 2022. (Notice to Appear

(NTA) ECF No. 6-1, PageID.243.) In February 2026, ICE agents arrested Petitioner. (Pet., ECF

No. 1, PageID.6.)

On March 12, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Immigration

Judge Order, ECF No. 6-3, PageID.248.) At the conclusion of that hearing, the immigration judge

denied Petitioner's request for bond in a written order, stating:

> Respondent lawfully entered the United States on a Visa but has remained without
> authorization. Respondent has no immediate family members in the United States.
> His mother, wife, and children remain in Mongolia. Respondent has limited or no
> ties to the community. Respondent's potential sponsor is an Uber customer
> Respondent has driven while working as a driver. The sponsor has not indicated
> any personal or business relationship outside of the passenger/driver relationship.
> Respondent has not provided to this Court documentary evidence regarding stable
> housing or stable employment.

(*Id.*)

## III.      Analysis

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of

jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on

the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina

v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-

Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241.

## IV.    Other Claims and Other Forms of Relief

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

## V.    Proper Respondents

Respondents argue that the Detroit ICE Field Office Director is the only proper Respondent in this action. They seek the dismissal of the other named Respondents. The Court concludes that the ICE Detroit Field Office Director is not the only proper Respondent for the reasons set forth in the Court's analysis of the same argument in each of the following cases: *Antele Cobix v. Raycraft*, No. 1:25-cv-1669, 2025 WL 3562651, at *8–9 (W.D. Mich. Dec. 12, 2025); *Candela Bastidas v. Noem*, No. 1:25-cv-1528, 2025 WL 3562638, at *8–9 (W.D. Mich. Dec. 12, 2025); *Acuna Sanchez v. Noem*, No. 1:25-cv-1442, 2025 WL 3562577, at *9–10 (W.D. Mich. Dec. 12, 2025); *Penagos Robles v. U.S. Dep't of Homeland Sec.*, No. 1:25-cv-1578, 2025 WL 3558128, at *9–10 (W.D. Mich. Dec. 12, 2025). To ensure that this Court's orders regarding habeas relief will bind at least one Respondent with authority to act in the event that Petitioner is transferred outside the area under the authority of the ICE Detroit Field Office, the Court will retain all of the remaining Respondents.

## Conclusion

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment.

3

The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for the denial.

Dated:      July 10, 2026              /s/ Jane M. Beckering
                                       Jane M. Beckering
                                       United States District Judge